No. 31,051

J. E. BUSKIRK and FLORENCE E. BUSKIRK, his Wife, *Appellees*, v. PETER M. HEIN and SUSANNA HEIN, his Wife, *Appellants*.

(26 P. 2d 263.)

Opinion filed November 11, 1933.

*Martin Aelmore*, of Hutchinson, for the appellants.

*A. Lewis Oswald* and *John Fontron*, both of Hutchinson, for the appellees.

The opinion of the court was delivered by

HARVEY, J.: This is an action for the cancellation of a contract for the sale of real estate, in which the court found facts and rendered judgment for plaintiffs, and defendants have appealed.

On February 4, 1928, plaintiffs, who owned a certain quarter section of land, entered into a written contract to sell it to defendants, who agreed to buy it, for the sum of $10,000, of which $500 was paid in cash, and $1,500 was to be paid October 1, 1928, at which time defendants were to give plaintiffs a first mortgage on the land for $5,000, due in seven years, and a second mortgage for $3,000, due in five years, both to draw interest at the rate of 6½ per cent per annum, and to pay interest at the rate of 6½ per cent per annum on the deferred payment of $9,500 from the date of the contract to the date of the subsequent payment and the giving of the mortgages. Defendants were to pay future taxes on the land and to keep a stated amount of insurance on the improvements. Time and punctuality of payments were made of the essence of the contract, which further provided that should defendants make default they should forfeit their rights under the contract and plaintiffs should retain sums previously paid, as rent for the premises and as liquidated damages. At the time the contract was made there was a mortgage of $3,000 on the premises, which plaintiffs agreed to have released. The contract was made subject to an outstanding oil and gas royalty interest. At the time the contract

was made the land was leased for wheat, and it was agreed that plaintiffs should have the landlord's share of the wheat, but the value thereof should be credited on the sum to be paid by defendants. Plaintiffs executed a deed for the premises and defendants executed the mortgages, and also had the title to the land passed upon and approved, and these instruments and the contract were placed in escrow in the bank.

In the summer of 1928 plaintiffs received $361 for the landlord's share of the wheat on the premises, which amount was credited upon the sum defendants were to pay, but about October 1, 1928, the time for paying the balance of the $1,500, with accrued interest on the unpaid portion of the purchase price, was extended in writing until October 1, 1929. At various times in 1929 defendants made payments aggregating $523.09, and in September, 1930, paid $81.13. In August, 1929, plaintiffs granted a right of way for the telephone company across the premises, for which they received $241, and in June, 1929, executed an oil and gas lease on the premises, for which they received $540. Plaintiffs were compelled to pay the taxes and insurance, aggregating $236.80. This action was brought in November, 1931. The court computed the sum due plaintiffs, including the taxes and insurance and the payments made by defendants, giving them credit for the sum plaintiffs had received from the telephone company and the oil and gas lease, and found a balance due plaintiffs of $10,378.08, and decreed that if defendants should execute the mortgages for $5,000 and $3,000 and pay plaintiffs $2,378.08, the difference between such mortgages and the amount due plaintiffs, by July 31, 1932, that the plaintiffs should convey the real property to them.

Defendants appeal and contend, first, that the court erred in making its computation. The court did make a finding that the reasonable rental value of the property for the time defendants had occupied it was approximately $1,200, and appellants argue as though that sum were added in to determine the amount they should pay. That is an erroneous interpretation of the court's computation. Evidently the court made this finding in considering whether it would be fair to defendants to forfeit the contract. It should be noted that the actual sums paid by defendants on this contract were $500, $523.09 and $81.13, which aggregated $1,104.22. The other sums for which defendants were credited were received by plaintiffs, but would have been received by them had this contract

not been made. Defendants, having had the use of the premises for such a length of time that the value of such use equalled or exceeded all they had actually paid out on the premises, makes it clear that it was not inequitable to decree the forfeiture of the contract. Particularly is that true in view of the fact that the court gave them time to make their deferred payments and go ahead with the purchase. There is no intimation that defendants desired to do so.

Appellants contend they were entitled to a jury trial to determine the amount due under the contract. The action was one to cancel the contract, essentially a proceeding in equity. The fact that computations had to be made to determine the nature of the decree to be entered did not change the nature of the action nor require a jury trial.

Appellants further contend that since plaintiffs had placed an oil and gas lease on the property and had given the right of way across it for a telephone line, they had encumbered the title so they could not carry out their contract, and it is argued that by reason of this plaintiffs should have been required to return to defendants all they had paid under the contract. If defendants were going ahead and completing this purchase and taking title to the land, or offering to do so if these complained of encumbrances were removed, they might have some reason to complain, but since they are not completing the contract, nor attempting to do so, it is a matter with which they are not greatly concerned.

We find no error in the record. The judgment of the court below is affirmed.

HUTCHISON, J., not sitting.