No. 33,323

PETER M. HEIN and SUSANNA HEIN, *Appellants*, v. J. E. BUSKIRK, FLORENCE E. BUSKIRK and THE CASTLETON COÖPERATIVE EXCHANGE ELEVATOR COMPANY, *Appellees*.

(66 P. 2d 555)

Opinion filed April 10, 1937.

*B. A. Earhart*, of Hutchinson, for the appellants.

*A. Lewis Oswald* and *John Fontron*, both of Hutchinson, for the appellees.

The opinion of the court was delivered by

DAWSON, C. J.: This appeal is from an adverse judgment in an action to an understanding of which the salient features of an earlier lawsuit, *Buskirk v. Hein*, 138 Kan. 337, 26 P. 2d 263, must be briefly stated.

Some years ago plaintiffs Hein and wife entered into a contract with defendants Buskirk and wife for the purchase of a quarter section of land in Reno county. The Heins failed to make stipulated payments of the purchase price, and the Buskirks brought

suit to cancel the contract and to recover possession. Judgment was entered in favor of the Buskirks on July 2, 1932, as prayed for. The Heins appealed to this court; and to stay proceedings they executed a supersedeas bond that pending the determination of their appeal they would not commit waste; that they would pay the value of the use of the property; and that they would comply with the judgment and pay the costs if the judgment of the trial court should be affirmed.

Pursuant to this appeal and the execution of the supersedeas bond, Hein and wife remained in possession and planted a wheat crop in the autumn of 1932 and harvested it in the summer of 1933. In the succeeding autumn of 1933, while the appeal was still pending in the supreme court, the Heins planted another wheat crop; but on November 11, 1933, the supreme court affirmed the judgment of the district court entered on July 2, 1932, canceling the land contract and awarding possession to Buskirk and wife. (*Buskirk v. Hein,* supra.)

The Buskirks recovered actual possession of their property in the spring of 1934, and in the summer of that year they harvested the wheat crop planted by the Heins in the preceding autumn. Hein and wife made various demands and claims on Buskirk and wife to a tenant's share of the wheat crop. These were ignored. The Buskirks sold the crop to the local elevator company.

Hein and wife brought this action, pleading the foregoing facts at length. They impleaded the elevator company on the theory that they were entitled to a lien on the proceeds of the crop of 1934 to the extent of their alleged interest therein.

Defendants' demurrer to plaintiffs' petition was sustained, and this ruling is assigned as error.

The appellants Hein and wife contend that during the interval between the rendition of the judgment of the district court, July 2, 1932, and the affirmance of that judgment by this court on November 11, 1933, they were tenants of the property by virtue of the supersedeas bond they had executed. This contention is untenable. They had only the privilege of remaining in possession under the terms of that bond, which were: Not to commit waste, that they would pay for their occupancy, and that they would comply with the judgment of the district court if that judgment were affirmed.

There is neither law nor logic in the argument that the giving of

the supersedeas bond created the relation of landlord and tenant between appellants and appellees. That relationship could only arise upon agreement of the parties, or with the landowners' assent. Since the owners had sued for possession and had obtained judgment to that effect, and had made no agreement as to tenancy, nothing of the sort could exist. The owners had to submit to the law, which merely was that they could not realize on their judgment and dispossess the appellants until this court affirmed that judgment. When that happened, however, appellants had no longer any right to possession nor did they have a right to any unmatured crops. They planted that crop without right, and they have no claim on it or on its proceeds. Neither the statute governing farm tenancies, nor tenancy from year to year, nor the decisions of this court with respect thereto, have anything to do with the case at bar.

The judgment is affirmed.